## Commonwealth *v.* Smith, Appellant.

*Criminal law—Murder—Charge—Refusal of instructions—Trial—Practice, O. & T.*

It is reversible error for the trial judge in a murder case, after the jury has returned and requested additional instructions, to refuse to answer the questions asked by the jury, and to give them further and specific instructions upon the law as requested.

In such a case it is immaterial that the court has already charged the jury upon the law of the case generally, or has given instructions which would answer the request of the jury. The very fact that the jury, after having been in consultation, have failed to comprehend the instructions given in the charge and request further instructions is of itself sufficient to show the necessity of additional instructions.

In capital cases, it is the duty of the trial judge to instruct the jury clearly and distinctly upon the law applicable to the facts disclosed by the evidence in the case. The instructions should be full, clear and explicit, giving to the jury all the law so far as it relates to the facts proved or claimed to be proved, if such facts are sustained by any evidence. The charge should be sufficiently explicit to enable the jury to apply the law to the facts of the case. It is not enough for a trial judge to charge upon abstract questions of law either in his own language or by reading from an opinion in an adjudicated case or from a textbook. The purpose of instructions given by the court is to explain fully and clearly to the jury the law applicable to the facts of the case under consideration, and when the trial judge has not succeeded in delivering instructions on the law in such way that they will be understood by the jury, his charge is inadequate and justly open to objection by the defendant.

Argued May 11, 1908. Appeal, No. 155, Jan. T., 1908, by defendant, from judgment of O. & T. Phila. Co., Jan. T., 1907, No. 562, on verdict of guilty of murder of the first degree in case of Commonwealth v. George Smith. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Indictment for murder.
The opinion of the Supreme Court states the case.
Verdict of guilty of murder of the first degree.

*Error assigned* amongst others was, " in failing and refusing

to give to the jury further and specific instructions when they asked for them after they had deliberated for hours."

*George H. White*, with him *G. Edward Dickerson*, for appellants.

*Joseph P. Rogers*, assistant district attorney, with him *Samuel P. Rotan*, district attorney, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 25, 1908:

We are of opinion that it was reversible error for the trial judge, after the jury returned and requested additional instructions, to refuse to answer the questions asked by the jury and to give them further and specific instructions upon the law as requested. For this reason the eighth assignment of error must be sustained and the judgment be reversed.

In capital cases it is the duty of the trial judge to instruct the jury clearly and distinctly upon the law applicable to the facts disclosed by the evidence in the case. The instructions should be full, clear and explicit, giving to the jury all the law, so far as it relates to the facts proved, or claimed to be proved, if such facts are sustained by any evidence : 12 Cyclopedia of Law and Procedure, 612. The charge should be sufficiently explicit to enable the jury to apply the law to the facts of the case. It is not enough for a trial judge to charge upon abstract questions of law, either in his own language or by reading from an opinion in an adjudicated case or from a text-book. The purpose of instructions given by the court is to explain fully and clearly to the jury the law applicable to the facts of the case under consideration, and when the trial judge has not succeeded in delivering instructions on the law in such way that they will be understood by the jury, his charge is inadequate and justly open to objection by the defendant. As the very object of the instructions is to inform the jury as to the law applicable to the facts of the case, the charge fails of its purpose when the jury are ignorant of the law applicable to any material question in the case.

In the absence of objection by counsel or requests for further instructions by the jury, the burden is upon him who alleges it to show that the instructions were inadequate. The

charge will be deemed to be sufficient if generally it presents the law applicable to the facts of the case. It will not be open to objection if some slight or immaterial matters have been omitted if, as a whole, the charge fairly presents the law of the case.

In this state, in both civil and criminal cases, if, after retiring, the jurors disagree or are confused as to the court's instructions on the law, or if the court omit to charge on the law applicable to any part of the case, it is the uniform practice for the jury to return and ask for additional or supplemental instructions. If, after they have retired, the court discovers that its instructions are not sufficiently explicit or do not state the law applicable to some parts of the case, the trial judge may recall the jury and give them further instructions. In either case, when the jury return of their own motion or the court recalls them, it is the duty of the court to give such additional instructions on the law as the jury may request and the court may think necessary to make clear to the jury the law as to which they are in doubt. In Cox v. Highley, 100 Pa. 249, TRUNKEY, J., delivering the opinion, said (p. 253): " The court was entirely right in recalling the jury to give them any instruction which, inadvertently, had been omitted." In speaking of the propriety, as well as of the necessity, for additional instructions in certain cases, COULTER, J., delivering the opinion in Cunningham v. Patton, 6 Pa. 355, said (p. 360): " Juries are brought together from the body of the county, and generally composed of individuals unused to each other's mode of thinking, and unaccustomed to collating and recollecting testimony. They take no notes of the evidence, and, after listening to the arguments of counsel and charge of the court, often retire no doubt with rather confused recollections of the evidence, and it is not surprising that they should differ. We can perceive no wellfounded objection, therefore, that the court should refresh their memories when they request it, or instruct them further at their request, in relation to the law. There would be none certainly when the jury returned into court, nor can we perceive any where the president judge, as in this case, at the request of the jury openly and fairly read his notes of evidence, and at their request instructed further as to the law."

In fact, the practice of giving additional instructions to the jury upon their request is so well settled in this state that we know of no prior instance in which the request has been refused. So far as we are advised it is the universal practice in the state. It is immaterial that the court has already charged the jury upon the law of the case generally, or has given instructions which would answer the request of the jury. The very fact that the jury, after having been in consultation, have failed to comprehend the instructions given in the charge and request further instructions, is of itself sufficient to show the necessity of additional instructions. As we said above, if the jury do not understand the instructions, or are ignorant or uncertain as to the law applicable to any part of the case, the charge is inadequate and fails of its purpose, which is to advise the jury fully and clearly upon the law applicable to each and every part of the case.

The prisoner was indicted for murder, and he alleged that the killing was done in self-defense, and further, that if he was guilty of any crime it was of a lesser grade than murder of the first degree. The charge was exhaustive, covering more than twelve pages of the paper-book. The law of homicide was discussed at length and the distinction between the degrees of murder, between murder and manslaughter, and between voluntary and involuntary manslaughter was pointed out. The jury retired at 3 : 45 P. M. and discussed the case until 8 o'clock P. M., when they returned to the court room and requested additional instructions upon the question of premeditation. Four questions were asked the trial judge, three of which he declined to answer, observing that he had "already referred to that matter at great length in my charge." The learned judge in reply to the first question told the jury that there could not be murder of the first degree without premeditation. The other inquiries requested instructions on the question of premeditation applicable to certain facts in the case. The character of the defense made the answer to those questions of vital importance to the defendant. Whether they were adequately answered in the general charge or not is of no moment in view of the fact that the jury, by request for information upon the subject, disclosed the necessity for additional instructions. Until the jury had been fully advised

and understood the law upon the question of premeditation as applicable to the case, the instructions were inadequate and it was the duty of the court, upon request of the jury, to give additional instructions. The jury had discussed the case for four hours and a half without arriving at a conclusion as to the guilt or innocence of the defendant. Presumably the questions on which they were at variance were those put to the court for instructions. The jury did not ask the court to determine any question of fact or to express its opinion upon the facts of the case. Its instructions were solicited on questions of law which, it is apparent, were vital in the determination of the guilt or innocence of the defendant. We are clear that the court was in error in declining to answer the questions propounded by the jury, and in referring the jury to the general charge for answers to the questions.

In view of the fact that the case is remanded for another trial, the character of the questions raised by the other assignments do not make it necessary to consider those assignments. The eighth assignment, however, must be sustained.

The judgment is reversed with a venire de novo.