UNITED STATES of America

v.

Charles SAWYER, Jr., Appellant.

No. 23706.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 25, 1970.

Decided May 11, 1971.

Mr. Anton M. Weiss, Washington, D. C. (appointed by this Court) for appellant.

Miss Karen L. Atkinson, Atty., Department of Justice, of the bar of the Supreme Court of Virginia, pro hac vice, by special leave of Court, with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, and LEVENTHAL and ROBINSON, Circuit Judges.

BAZELON, Chief Judge:

The sole question presented by this appeal is whether defense counsel in a criminal case, in summation to the jury, has the right to relate his factual argument to the governing principles of law.

Appellant was found in possession of a number of items that had recently been taken from a locked car. In accordance with the applicable law, the jury was instructed that it was permissible, but not necessary, to infer from the fact of possession that he had stolen the property.[1] Appellant introduced no evidence, but sought to persuade the jury to reject the inference. He was convicted of grand larceny.[2]

In the course of his closing argument appellant's counsel attempted to explain to the jury the meaning of the word "inference," and to distinguish it from the stronger term "presumption." The trial judge prevented him from doing so, on the ground that the function of instructing the jury on the law belongs to the court alone.[3] In our view that ruling was erroneous.

■■ The trial court has broad discretion in controlling the scope of closing argument. That discretion is abused, however, if the court prevents defense counsel from making a point essential to the defense.

■ In regulating the scope of argument, the court should be guided by criteria that are related to the function of argument, i. e., to help the jury remember and interpret the evidence.[4] The prosecutor and the defense counsel in turn must be afforded a full opportunity to advance their competing interpretations, and to emphasize the principles of law that favor their respective positions.[5] The court should exclude

---

1. Pendergrast v. United States, 135 U.S. App.D.C. 20, 30–35, 416 F.2d 776, 786–791, cert. denied, 395 U.S. 926, 89 S.Ct. 1782, 23 L.Ed.2d 243 (1969).

2. D.C.Code § 22–2201. He was sentenced to a term of two to six years.

3. [COUNSEL]: The case is based on circumstantial evidence; that is to say, the Government is asking you to infer from his possession that he, in fact, took it. Now, I would like to explain one point to you; that is, the inference from recently stolen property—
 THE COURT: No, you won't explain it; I will.
 [COUNSEL]: Very well, Your Honor.
 THE COURT: You argue the evidence. I will tell the jury about the law.
 &ast;&ast;&ast;&ast;&ast; * * * * *

 (AT THE BENCH)
 [COUNSEL]: I was simply going to elaborate on the distinction between presumption and inference.
 THE COURT: No, You do not, either.

4. See generally 5 Wharton's Criminal Law & Procedure §§ 2077–2089 (Anderson ed. 1957, Supp. 1970).

5. The defendant's right to present argument is part of his Sixth Amendment right to counsel and to jury trial. Cross v. State, 68 Ala. 476 (1881); State v. Gilbert, 65 Idaho 210, 142 P.2d 584 (1943); White v. People, 90 Ill. 117, 32 Am.Rep. 12 (1878); see Wharton, supra note 4, at § 2077.

only those statements that misrepresent the evidence or the law,[6] introduce irrelevant prejudicial matters,[7] or otherwise tend to confuse the jury.[8]

 It is often suggested that permitting counsel to argue questions of law tends to confuse the jury.[9] If counsel's view of the applicable law differs from that of the court, then of course there is great danger of confusion. In that case the jury should hear a single statement of the law, from the court and not from counsel.[10] But if the applicable principles are undisputed, as in this case, then a statement by counsel might well be helpful rather than confusing.[11] Counsel may emphasize a point that would otherwise be overlooked in the context of lengthy jury instructions that are themselves often confusing. And if a single point of law is the linchpin of the defense, there is every reason to permit defense counsel to state the point as emphatically as possible.

In this case the prosecutor sought to persuade the jury that appellant had stolen the property found in his possession. Defense counsel sought to persuade the jury to reject that inference, to find that he might have acquired the property in some other way. It was critical to the defense for the jury to realize that they were free to reject the inference, despite the fact that it was reasonable and permitted by law. If appellant had been totally barred from arguing against the inference, he would have been deprived of the substance of his defense. In fact, however, he subsequently made the argument in a form that the trial court found acceptable.[12] Furthermore, the court instructed the jury fully and fairly on the point. Therefore we find no prejudice, and the judgment is

Affirmed.

6. *E. g.*, People v. Hiser, 267 Cal.App.2d 47, 56, 57, 72 Cal.Rptr. 906, 912 (1968); People v. Wright, 80 Ill.App.2d 300, 307–309, 225 N.E.2d 460, 464–465 (1967); People v. Mager, 25 A.D.2d 363, 269 N.Y.S.2d 848 (1966).

7. *E. g.*, Hall v. United States, 150 U.S. 76, 14 S.Ct. 22, 37 L.Ed. 1003 (1893); Harris v. United States, 131 U.S.App. D.C. 105, 402 F.2d 656 (1968); Evans v. United States, 98 U.S.App.D.C. 122, 232 F.2d 379 (1956).

8. *E. g.*, United States v. Bearden, 423 F.2d 805 (5th Cir.), cert. denied, 400 U.S. 836, 91 S.Ct. 73, 27 L.Ed.2d 68 (1970) (defense counsel not entitled to read lengthy statute to jury).

9. *See generally* Wharton, *supra* note 4, at § 2089.1 (Supp.1970); Note, The Permissible Scope of Summation, 36 Col.L. Rev. 931, 938 (1936); Annot., 67 A.L.R. 2d 245 (1959).

10. Compare the rule in Maryland, where the state constitution makes the jury the judge of the law as well as the facts.

Wilson v. State, 239 Md. 245, 254–257, 210 A.2d 824, 828–830 (1965).

11. Counsel of course is confined in this regard to principles that will later be incorporated in the charge to the jury. Before stating a legal principle, counsel should be sure that it will in fact be included in the charge. If there is any question about the accuracy or relevance of counsel's proposed statement of law, he should seek a ruling on the point before going forward with the argument. *See, e. g.*, Gass v. United States, 135 U.S.App.D.C. 11, 19–20, 416 F.2d 767, 775–776 (1969).

12. [COUNSEL]: The case that the Government has presented rests on circumstantial evidence, and you are being asked to make an inference. We submit that you need not make this inference. We ask that you do not make this inference, bearing in mind, of course, that this defendant, like all other defendants, is presumed to be innocent unless proven guilty.