387 A.2d 848

**COMMONWEALTH of Pennsylvania**

v.

**Anthony GWALTNEY, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted Jan. 12, 1978.

Decided June 2, 1978.

90

Joel Every, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

POMEROY, Justice.

Appellant, Anthony Gwaltney, was convicted by a jury on December 8, 1975 of murder of the third degree and criminal conspiracy. After denial of post-trial motions he was sentenced to consecutive terms of imprisonment of 10–20 years on the murder charge and 5–10 years on the conspiracy charge. This appeal followed.[1]

The record discloses that on November 21, 1974, at approximately 11:00 A. M., John Wearing alighted from an automobile in North Philadelphia in order to make a purchase at a state liquor store. Standing nearby were defendant and several other persons, all members of a gang known as the Moon gang. They swarmed around Wearing, accusing him of the recent stabbing of a member of their gang. Seized with panic, Wearing fled, only to be pursued and overtaken by Gwaltney and the other gang members. Appellant then plunged a knife into Wearing's back. Decedent was again stabbed as he attempted to enter an automobile, but who inflicted the latter wound does not appear. Wearing died soon thereafter. Based upon this evidence, the jury found Gwaltney guilty of murder of the third degree, and conspiracy.

Appellant contends that he is entitled to a new trial because of improprieties in the closing argument of the prosecutor.[2] We disagree and will affirm the judgments of sentence.

1. Jurisdiction of the appeal from the murder conviction is in this Court by virtue of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, 17 P.S. § 211.202(1). The appeal of the related conspiracy conviction was transferred to this Court by the Superior Court.

2. Appellant also argues that he is entitled to a new trial because certain prejudicial references were made concerning a polygraph test, and because the closing argument of the assistant district attorney referred to matters not in evidence. We have examined the record and find these charges to be without merit.

In his closing argument to the jury the prosecutor recited the general definitions of the crimes of murder, conspiracy and possession of an instrument of crime. He then argued that the evidence presented during the trial satisfied the respective elements of these crimes. Appellant does not say that the prosecutor misstated or confused the applicable law; rather, it is argued that such a reference to the applicable law in the closing by the assistant district attorney infringed upon the province of the court and unduly prejudiced the jury.

 It is true, of course, that it is the role of the trial court to instruct the jury as to the law which applies to the case being tried. See e. g., *Commonwealth v. McKetta,* 469 Pa. 223, 227, 364 A.2d 1350, 1352 (1976); *Commonwealth v. Peterman,* 430 Pa. 627, 244 A.2d 723 (1968); *Commonwealth v. Smith,* 221 Pa. 552, 70 A. 850 (1908). Thus it is not proper for a lawyer to argue to the jury that one rule of law rather than another should apply,[3] or to discuss legal questions not

3. For instance, once a court has ruled on an evidentiary matter it would be most irregular for counsel to argue to a jury for a different result. See, e. g., *Schofield Discipline Case,* 362 Pa. 201, 66 A.2d 675 (1949) wherein this Court stated:

"For fifty years the legal profession has had the benefit of Justice Mitchell's well known statement in *Scouten's Appeal,* 186 Pa. 270, 279, 40 A. 481 (1898), 'The bar have great liberty and high privileges in the assertion of their clients' rights as they view them, but, on the other hand, they have equal obligations as officers in the administration of justice, and no duty is more fundamental, more unremitting or more imperative than that of respectful subordination to the court. The foundation of liberty under our system of government is respect for the law as officially pronounced. The counsel in any case may or may not be an abler or more learned lawyer than the judge, and it may tax his patience and his temper to submit to rulings which he regards as incorrect, but discipline and self-restraint are as necessary to the orderly administration of justice as they are to the effectiveness of an army. The decisions of the judge must be obeyed, because he is the tribunal appointed to decide, and the bar should at all times be the foremost in rendering respectful submission.'

\* \* \* \* \* \*

"Counsel may not argue to the jury that in exercising their power to render a general verdict they have the right to ignore the instructions on the law given by the trial judge and if such argu-

germane to the case being tried,[4] or to argue novel theories of law to the jury.[5] It is also obviously improper for counsel to misstate the law [6] or to state it in a manner calculated to confuse the jury.[7] It does not follow, however, that counsel must refrain from any discussion whatever of applicable law. See *Commonwealth v. Glenn,* 321 Pa. 241, 183 A. 763 (1936); *Commonwealth v. Renzo,* 216 Pa. 147, 65 A. 30 (1906). Closing argument is a critical stage in a trial, for there the lawyer has the opportunity to marshall the evidence and to present it, along with the permissible inferences arising therefrom,[8] to the jury in the best possible light on behalf of his client, and to attempt to explain away the evidence which is unfavorable.[9] A lawyer should not be expected to discuss the facts in a vacuum, however; it is generally necessary to consider them in light of the rules of

ment is made, it is the duty of the trial judge promptly to stop it."
362 Pa. at 207–08, 221, 66 A.2d at 679, 685.

**4.** This restriction is analogous to the general rule that counsel must refrain from discussing matters not in the record. *See, e. g.,* ABA Standards for Criminal Justice, Standards Relating to the Prosecution Function, § 5.8 (Approved Draft, 1971); *Commonwealth v. Goosby,* 450 Pa. 609, 301 A.2d 673 (1973).

**5.** See, *e. g., Commonwealth v. Ashburn,* 459 Pa. 625, 632, 331 A.2d 167, 170 (1975). The risk of error in such arguments and the resultant confusion to juries is sufficient to render such a tactic dubious at best. The better practice would be to submit a point for charge on the subject and thereby ascertain, in advance of the closing, whether the trial court will apply the particular legal proposition to the instant trial. If the trial court denies the request, the issue may be preserved for appellate review.

**6.** *See, e. g.,* 75 Am.Jur.2d, Trial, §§ 275–279 (1974) and cases there cited.

**7.** See, *e. g., United States v. Sawyer,* 143 U.S.App.D.C. 297, 443 F.2d 712 (1971).

**8.** Compare *Commonwealth v. Harvell,* 458 Pa. 406, 327 A.2d 27 (1974) with *Commonwealth v. Goosby,* 450 Pa. 609, 301 A.2d 673 (1973).

**9.** Notwithstanding the fact that closing argument is important and sometimes crucial to a particular case, counsel may conclude that the better course of valor is to waive summation altogether. See, *e. g., Commonwealth v. Turner,* 469 Pa. 319, 365 A.2d 847 (1977); *Commonwealth v. Gambrell,* 450 Pa. 290, 301 A.2d 596 (1973).

law which a case involves. When he refers to those rules or principles, the lawyer should normally tell the jury that they will receive their authoritative instruction on the law from the court, whose version must prevail.

█ In the case at bar, the prosecuting attorney did preface his comments concerning the law with a statement that the trial court's charge concerning the law was controlling.[10] Then, in a general but accurate manner, the assistant district attorney discussed the evidence presented as it related to the elements of the crimes involved. When thereafter the trial court charged the jury, the judge emphasized that his instructions and not counsel's remarks concerning the law were controlling. We think this procedure was proper and see no prejudice to appellant as a result of it. We agree with the reasoning of Court of Appeals of the District of Columbia in the case of *United States v. Sawyer,* 143 U.S. App.D.C. 297, 443 F.2d 712 (1971):

> "It is often suggested that permitting counsel to argue questions of law tends to confuse the jury. If counsel's view of the applicable law differs from that of the court, then of course there is great danger of confusion. In that case the jury should hear a single statement of the law, from the court and not from counsel. But if the applicable principles are undisputed, as in this case, then a statement by counsel might well be helpful rather than confusing. Counsel may emphasize a point that would otherwise be overlooked in the context of lengthy jury instructions that are themselves often confusing. And if a single point of law is the linchpin of the defense, there is every reason to permit defense counsel to state the point

10. The prosecutor stated:
"Now, what are those crimes and what do they mean? Well, first of all, the crime of conspiracy, and conspiracy, of course, the Court will instruct you on the law, and it is what the Court says that is controlling, but in order to tell you about the facts, and in order to give you an understanding of what happened, it's necessary for me at this time to refer to the law, but of course, the Court's instructions on the law controls."

as emphatically as possible." [footnotes omitted] 143 U.S. App.D.C. at 299, 443 F.2d at 714.

Appellant's arguments to the contrary must be rejected. Judgments of sentence affirmed.