420 A.2d 1121

**COMMONWEALTH of Pennsylvania**

v.

**Thomas Michael SAUNDERS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed June 27, 1980.

Leslie B. Potter, Assistant Public Defender, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

CERCONE, President Judge:

Appellant takes this appeal from his conviction on August 26, 1977, for robbery [1] and theft by unlawful taking.[2] Appellant argues, inter alia,[3] that the court's charge to the jury was inadequate in that the court did not properly charge the jury on the Commonwealth's burden of proof. Appellant's argument has merit; therefore, we reverse and remand for a new trial.

Briefly stated, these are the facts of the instant case. It was alleged that on November 8, 1976, appellant, Thomas Michael Saunders, robbed the Alert Gas Station in Lester, Pennsylvania. At the time of the theft, James Kelz and Anthony Marucci were the only attendants on duty in the station. Kelz and Marucci testified at trial on August 22, 1977 that Saunders threatened to kill them if they did not help appellant remove the office safe, which was bolted to the floor. Kelz and Marucci testified that they were afraid of appellant, so they cooperated with him.

After all the evidence was heard, appellant submitted his points for charge to the jury. One of appellant's points read:

"Members of the jury, the burden of proof which is upon the Commonwealth and which the Commonwealth must meet in this case, if you are to find Mr. Saunders guilty of any crime, it means that the Commonwealth must prove beyond a reasonable doubt every fact and circumstance which is essential to the guilt of the accused.

1. Crimes Code, 18 Pa.C.S. § 3701 (1973).

2. Crimes Code, 18 Pa.C.S. § 3921 (1973).

3. In his brief, appellant also argued that the evidence was insufficient to support his conviction and that the court erred in failing to grant a mistrial on the basis of certain statements made by prosecuting witnesses. We have given these arguments due consideration but have found them both to lack merit.

If the Commonwealth fails to convince you of even one element essential to the proof of the respective crime, then you must find the defendant innocent."

The court did not read this point for charge to the jury; instead the court instructed the jury thusly,

"The burden is on the Commonwealth to prove that the defendant is guilty of each and every one of these charges by evidence beyond a reasonable doubt, before he can be convicted."

The trial court's refusal to give appellant's point for charge regarding burden of proof was clearly error. The Supreme Court decision of *Commonwealth v. Bishop*, 472 Pa. 485, 372 A.2d 794 (1977) is on all fours with the instant case. Therein, the court said,

"The defense had an absolute right to have the jury instructed not only as to the quantum of proof required to establish guilt but also that the requirement extended to each of the material elements of the offense. The function of elucidating the relevant legal principles belongs to the judge, and the failure to fulfill this function deprives the defendant of a fair trial. See *Commonwealth v. Johnny Wortham (Commonwealth v. Dorothe Wortham)*, 471 Pa. 243, 369 A.2d 1287. It is entirely possible that, as a result of the charge as it was given, the jury concluded that the Commonwealth might meet its burden if the *cumulative* evidence of guilt was such that they were convinced beyond a reasonable doubt although they were not convinced beyond a reasonable doubt as to one or more of the elements of the offense. This is not the correct standard and differs significantly from the requirement that each and every element of the crime meet this same measure of substantiation."

In keeping with the decision in *Bishop*, we reverse and remand for a new trial. Cf. *Commonwealth v. Gwaltney*, 479 Pa. 88, 93, n. 5, 387 A.2d 848, 850, n. 5 (1978).

Reversed and remanded for a new trial.