## Commonwealth v. Beatty

*Emily L. Smarto, assistant district attorney,* for the Commonwealth.
*Angelea Allen Mitas,* for defendant.

McCORMICK, *J.,* March 3, 1992—By post-verdict motions, the defendant alleges trial error by the court, in refusing to charge the jury regarding the nature of a de minimis infraction of the law, and in denying defense counsel the opportunity to argue a de minimis infraction to the jury in her closing argument.

Cyrus Beatty was charged with driving under the influence of alcohol, 75 Pa.C.S. §3731(a)(1) by Patrolman Gregg Dale of the Lower Burrell Police Department. Officer Dale indicated that the defendant was observed driving erratically by a citizen who reported that driving to the police department by telephone. Dale was made aware of the situation by radio, and observed the defendant attempting to park his vehicle near his residence. The defendant exhibited difficulty in parking the vehicle, pushing a rain gutter away from the building in the process. The officer observed that the defendant was holding a can of beer, had a strong odor of alcohol about him, had slurred speech and bloodshot eyes, and was very unstable on

his feet when exiting his vehicle. He was also confused with questions the officer posed. Dale concluded that he was intoxicated and incapable of safely operating a motor vehicle.

The officer decided to give the defendant a warning and advised him not to drive his vehicle again that evening. He then remained in the area.

Soon after the defendant parked and left his vehicle, he was observed by the officer behind the wheel of the vehicle some 40 feet away from where the vehicle had previously been parked. Officer Dale had not seen the vehicle move from the first parking place to the second parking place, but he did observe the defendant in the car with the key in the ignition. When asked why he had moved the car, the defendant responded that he had moved it to aggravate the officer, and refused to get out of the vehicle, having to be removed by the officer. The defendant was then transported to the Lower Burrell Police Station, where he was very combative with the officer, yelling obscenities and refusing to remain in his chair. Two field sobriety tests were administered. He swayed and staggered in attempting to walk a straight line, and was unable to touch the tip of his nose with his arms extended out from his shoulders and his eyes closed. Four other tests were attempted, but the defendant was unable to perform those tests. When asked to submit to an intoxilyzer test for blood alcohol content, Beatty would not blow a sufficient sample into the machine to register a result.

Counsel for the defendant maintains that the court erred in refusing to charge according to the proposed

instructions submitted by her. The proposed instructions read as follows:

"Alleged conduct charged against an individual is considered a de minimis infraction when the conduct of the defendant:

"(1) Was within a customary license of tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

"(2) Did not actually cause or threaten the harm of evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or:

"(3) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

"If you find that the conduct of Mr. Beatty in the instance in question is 'de minimis,' you should return a verdict of not guilty."

The proposed instruction was clearly drawn almost verbatim from the Crimes Code, 18 Pa.C.S. §312, *De minimis infraction*, which provides that the trial court shall dismiss a prosecution if it finds the infraction to be de minimis under the specific criterion set forth in the Crimes Code.

The court determined that the proposed instruction was not warranted. First, the determination of what constitutes a de minimis infraction requiring dismissal of a prosecution is a function reserved for the trial court, and not a jury function. Second, the court determined that the facts in the case did not permit such a consideration. The defendant was observed, once

in the operation of a motor vehicle, and a second time in a position to effectuate the operation of a motor vehicle, and he admitted to operating the vehicle the second time to the officer "just to aggravate" him, even though he had been warned not to do so.

The court denied counsel the opportunity to argue a de minimis infraction to the jury for the same reasons. To allow defense counsel to argue a proposition to the jury in closing arguments which is not supported in fact or in law would be improper. It is certainly within the sound discretion of the trial judge to require counsel to conform to the law in addressing their arguments to the jury. *Commonwealth v. Gwaltney*, 479 Pa. 88, 387 A.2d 848 (1978). To have permitted counsel to argue a de minimis infraction approach to the jury would have been to permit an improper argument based on an incorrect analysis of the applicable law.

The court did not err in its determinations, and the post-verdict motions will be denied.

## ORDER OF COURT

And now, March 3, 1992, for the foregoing reasons, the post-verdict motions of the defendant are denied.

Sentencing in the above-captioned matter is scheduled for April 21, 1992, at 9 a.m. before the undersigned in Courtroom No. 9.