419 A.2d 27

**COMMONWEALTH of Pennsylvania**

v.

**Edward WHITFIELD, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1979.

Filed Jan. 25, 1980.

Joseph M. Smith, Philadelphia, for appellant.

Cynthia Severinsen, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HOFFMAN, ROBERTS and LIPEZ, JJ.*

PER CURIAM:

On January 10, 1972, a jury convicted appellant of murder of the second degree, aggravated robbery and conspiracy. The Supreme Court, after finding the evidence sufficient to support the verdicts, reversed and granted a new trial on the murder charge because of an error in the trial court's instructions to the jury. See *Commonwealth v. Whitfield*, 474 Pa. 27, 376 A.2d 617 (1977) (plurality opinion). On October 17, 1977, a jury convicted appellant of murder of the second degree. After denying post–verdict motions, the trial court sentenced appellant to a term of imprisonment of 10 to 20 years concurrent to a term of 10 to 20 years previously imposed for the conviction for robbery. Appellant contends that (1) the evidence is insufficient to support the verdict; (2) the Commonwealth should not have been permitted to move for retrial; (3) the trial court improperly limited him to seven peremptory challenges at voir dire; (4) reference to appellant's membership in a gang improperly implied that he had engaged in previous crimes; (5) the trial court erred in instructing the jury on murder of the first degree, a crime for which he could not be convicted; and (6) the trial court erred in requiring the defense to address the jury first in summation. We affirmed.

Two witnesses observed several men, including appellant, take a man from a car and carry him to a lot. Later, they heard moaning coming from the lot and found the victim badly hurt. The witnesses immediately reported the crime to the police but did not reveal that they had seen appellant. About two weeks later, they informed the police of appellant's participation.

■ Appellant argues that the evidence is insufficient to support the verdict. At the second trial, the Commonwealth presented evidence identical in every material respect to that presented at the first trial and found by the Supreme

* Justice SAMUEL J. ROBERTS of the Supreme Court of Pennsylvania, is sitting by designation.

Court sufficient to sustain conviction for murder of the second degree. Accordingly, we must find that evidence sufficient to sustain the verdict of guilty of murder of the second degree. See *Commonwealth v. Romberger*, 474 Pa. 190, 378 A.2d 283 (1977); *Commonwealth v. Bruno*, 268 Pa.Super. 15, 407 A.2d 413 (1979).

■ Appellant argues that, because he could not receive at his second trial any sentence greater than a term of imprisonment of 10 to 20 years concurrent to the sentence he received for robbery at the first trial, it was an abuse of discretion for the Commonwealth to prosecute him a second time for murder. The Commonwealth sought conviction for murder at retrial because a second sentence could influence appellant's chances for parole and for serving the maximum term of 20 years. The Commonwealth's decision to proceed to retrial was rational and therefore, not an abuse of discretion. See *Commonwealth v. DiPasquale*, 431 Pa. 536, 246 A.2d 430 (1968).

■ Appellant asserts that the trial court improperly limited him to seven peremptory challenges at voir dire. At the time of his first trial, appellant was entitled by statute to 20 peremptory challenges. Subsequently, the Legislature amended the statute to provide only seven peremptory challenges in trials for non–capital felonies.** Appellant claims that reducing the number of peremptory challenges to which he was entitled after the time of the crime is an impermissible ex post facto law. This argument is without merit.

"In general, one of the following criteria must obtain before a statute, or the application thereof will be held invalid as an ex post facto law: (1) The law makes an act criminal which was not criminal when done; (2) The law aggravates a crime, or makes it greater than it was when committed; (3) The law changes a punishment, and makes it greater than it was when the punishable act was committed; and (4) The law alters the rules of evidence

** Act of October 7, 1976, P.L. 1089, 19 P.S. § 811a, effective 90 days thereafter (Supp.1979), repealed, Act of April 28, 1978, P.L. 202, effective June 27, 1978, to take effect 2 years thereafter.

and requires less or different testimony than the law required at the time the offense was committed, in order to convict."

*Commonwealth v. Riley,* 253 Pa.Super. 260, 264–65, 384 A.2d 1333, 1335 (1978). The amendment of which appellant complains, effecting only a procedural change, satisfied none of these criteria. See *Dobbert v. Florida,* 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977).

■ Appellant argues that the prosecutor, by referring to his membership in a gang, implied that he had previously engaged in criminal conduct. Appellant attacked the credibility of the Commonwealth's witnesses, suggesting that they had identified him as one of the killers only after he and the witnesses had been involved in a dispute in which gunshots were fired. The witnesses attributed their delay in reporting appellant's presence to fear that he might harm them. The Commonwealth established that appellant was a member of the "Goon Squad," a neighborhood gang of which one of the other perpetrators was the leader. During summation, the prosecutor argued that, although the jurors should not find appellant guilty because of his membership in the gang, they should consider that fact in evaluating the credibility of the witnesses in explaining their reluctance to implicate appellant. The reference to the "Goon Squad" does not warrant a new trial. It did not establish that appellant had engaged in criminal conduct and the jurors were warned not to rely upon it as evidence of guilt. In addition, it was probative of a critical matter, the credibility of the prosecution's chief witnesses, which appellant had attacked. See *Commonwealth v. Adams,* 476 Pa. 91, 381 A.2d 882 (1977); *Commonwealth v. Black,* 464 Pa. 604, 347 A.2d 705 (1975).

Appellant contends that the court erred in instructing the jurors on murder of the first degree. At the conclusion of its charge, the trial court asked defense counsel if he had any objections. Appellant's counsel stated that he did not. Thus, appellant has not preserved this issue for review. See, e.g., *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974).

■ Finally, appellant argues that the trial court improperly placed the burden of persuasion upon the defense by requiring trial counsel to present closing argument to the jury first. Pa.R.Crim.P. 1116(b) requires the defense to give its summation speech first. Appellant asserts that Rule 1116(b) is unconstitutional. Our Supreme Court has rejected this contention. See *Commonwealth v. Brown*, 470 Pa. 274, 368 A.2d 626 (1976).

Judgment of sentence affirmed.