462 A.2d 755

**COMMONWEALTH of Pennsylvania**

v.

**Gary Allen PALMER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 26, 1982.

Filed June 24, 1983.

Petition for Allowance of Appeal Denied Oct. 3, 1983.

604

Joseph E. Breman, Kittanning, for appellant.

George R. Kepple, District Attorney, Kittanning, for Commonwealth, appellee.

Before BECK, MONTEMURO and POPOVICH, JJ.

BECK, Judge:

Gary Allen Palmer appeals from judgment of sentence imposed for robbery and attempted robbery in Armstrong County.

On September 14, 1979, appellant exited a car, driven by David Mardis, while wearing a white pillowcase mask with two eyeholes and carrying a gun. Appellant burst into a service station's office with his gun drawn, ordered two patrons to lie face down on the floor, and announced, "This is a holdup." An employee in the back heard the commotion and alerted the proprietor, who was upstairs. The proprietor ran down to the office, aimed a gun at appellant, and yelled, "I have a gun, too." Appellant swung around, pointed his gun at the proprietor, then fled. The patrons and the proprietor all later testified that the attempted robber was a thin man about six feet tall wearing a white pillowcase mask. Appellant re-entered the car and drove off with Mardis. They soon stopped near a bar, and appel-

lant again left the car wearing the mask. He entered the bar, announced it was a holdup, and with his gun drawn ordered the twenty or so patrons to put their hands in the air. He demanded money from the barmaid, and she gave him $217. Appellant then fled. Both barmaids and a patron later testified that the assailant was tall and thin and wearing a pillowcase mask. At trial, Mardis, the victims, and several others testified. Appellant presented an alibi defense. The jury convicted appellant of attempted robbery of the gas station and robbery of the bar.

Appellant contends (1) unconstitutional denial of effective assistance of counsel and absence of knowing and voluntary waiver of that right; (2) denial of fair trial because of improper remarks by the prosecution; (3) erroneous instructions to the jury by the trial court; (4) insufficiency of the evidence to sustain his convictions; and (5) excessive sentence based upon improper considerations and procedure. Finding these contentions without merit, we affirm the judgment of sentence.

At pretrial conference, appellant elected *pro se* representation, and the court appointed standby counsel in accordance with Pa.R.Crim.P. 318(d). The comment to this rule reads: "With respect to trials in court cases, where the defendant waives the right to counsel and elects to proceed *pro se*, it is generally advisable that standby counsel be appointed to attend the proceedings and be available to the defendant for consultation and advice. See *Commonwealth v. Africa*, 466 Pa. 603, 353 A.2d 855 (1976)."

Appellant now contends that the lower court's colloquy relevant to his waiver of counsel did not adequately inform him of his right to be represented by counsel, of the nature of the elements of the charges, of the possible penalties, or the fact that there may be possible defenses of which counsel may be aware that would be lost permanently if not raised at trial, as required by rule 318(c) and comment.

The law is clear that the judge must conduct a comprehensive inquiry of the defendant to ascertain his

understanding of all these factors, that the colloquy must be of record, and that the burden of establishing the fact that such a colloquy took place is on the Commonwealth. *Commonwealth v. Charlett*, 282 Pa.Super. 28, 422 A.2d 659 (1980). A colloquy which falls short of the rule's requirements cannot be justified on the basis of the defendant's prior trial experience as a criminal defendant. *Commonwealth v. Dale*, 286 Pa.Super. 308, 428 A.2d 1006 (1981).

Although the record of this case reveals that the lower court did not fully explore all matters relating to waiver during the colloquy, appellant was not, in fact, fully waiving his right to counsel. The arrangement worked out during the pretrial conference was that appellant's standby counsel would select the jury, make closing remarks, file post-trial motions, and confer with appellant during the trial. Appellant asserted his right to self-representation as to certain other aspects of the trial. Appellant was to appear *pro se* only for the purposes of opening statement and examination of witnesses.

While we do not agree completely with the lower court that appellant's arrangements did not constitute *pro se* representation, and that therefore there was no occasion for the court to advise the accused of his rights (Opinion, p. 4), we also decline to review the colloquy between the court and appellant by the standards of a full waiver colloquy. We find no other case which precisely addresses the situation which appellant and the court devised. In *Commonwealth v. Andrews*, 282 Pa.Super. 115, 422 A.2d 855 (1980) Andrews wished to be represented by himself. The court appointed standby counsel and Andrew declined to use his services. Our Court ruled that a defendant who insists on representing himself may not later claim ineffective representation of counsel. In *Commonwealth v. Williams*, 270 Pa.Super. 27, 410 A.2d 880 (1979) the accused requested that he serve as co-counsel with his attorneys and the court refused to allow him to do so. In *Williams*, the Court stated:

It is clear that an accused in a state criminal trial has a constitutional right to represent himself if he voluntarily and intelligently elects to do so. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1976); *Commonwealth v. Davis,* 479 Pa. 274, 388 A.2d 324 (1978).

There is, however, a distinction between the constitutional right to proceed *pro se* pursuant to a valid waiver of the right to counsel and the right to proceed *pro se* and with counsel. While we have unearthed no Pennsylvania cases disposing of this precise issue, numerous other courts have considered the question in the wake of *Faretta, supra.* Those courts have held with near unanimity that a criminal defendant has no sixth or fourteenth amendment right to act as co-counsel where he is already represented by an attorney and that a decision to permit such "hybrid" representation is better left to the sound discretion of the trial court (270 Pa.Superior 34, 410 A.2d at 883).

See also *Hall v. Dorsey,* 534 F.Supp. 507, 509 (E.D.Pa.1982); *Move Organization v. City of Philadelphia et al.,* 89 F.R.D. 521 (E.D.Pa.1981) (no constitutional right to "hybrid" representation, simultaneously *pro se* and by counsel) and *United States ex rel. Snyder v. Mack,* 372 F.Supp. 1077 (E.D.Pa.1974) (accused informed that he could represent himself, but if court appointed counsel acted as trial counsel, then the conduct of the trial would be in counsel's hands entirely).

In the instant case, it was within the discretion of the court to allow appellant to divide the responsibilities of his representation at trial with appointed counsel. We are satisfied that the exchange which took place was adequate for the partial waiver that was being effected. The court focussed on the limits of opening statement and the laws of evidence and repeatedly admonished appellant regarding the pitfalls of appearing *pro se.* The court also urged that appellant confer with counsel throughout the proceedings (N.T. 3-23). We hold that in a partial waiver of right to counsel, where standby counsel has been appointed, the full

requirements of 318(c) need not be met. It is sufficient if the court instructs the accused on those aspects of the trial for which he seeks to represent himself. The related issue of the effectiveness of the court-appointed counsel is also raised. Appellant contends that his counsel was ineffective in several respects. In considering a claim of ineffectiveness, we must first determine whether the underlying issue is of arguable merit. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). If the issue is of arguable merit, we must then consider whether the course chosen by counsel had some reasonable basis designed to effectuate appellant's interests. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

■ Appellant argues that counsel was ineffective in not objecting to the Commonwealth's failure to provide a list of alibi rebuttal witnesses as required by Pa.R.Crim.P. 305. However, in appellant's previous trial for other crimes committed the same night in Indiana County, the Commonwealth had presented the same alibi rebuttal witnesses. Appellant and counsel were thus familiar with and prepared for the witnesses and testimony. An objection under these circumstances would at most have entitled appellant to a belated filing of a witness list, and not to the striking of any testimony or the granting of additional time to prepare. Thus, because counsel had a reasonable basis for not objecting, he was not ineffective.

■ Appellant contends that counsel was ineffective in permitting evidence of appellant's prior criminal record. Appellant himself introduced his prior imprisonment over the prosecution's objection in the course of examining several witnesses, first to show the bias of a prosecution witness, (N.T. April 7, 1981 at 340–41), then to show appellant's rehabilitation since his release, (N.T. 350–1, 409). When appellant testified, his counsel elicited that while in prison appellant had earned a graduate equivalency diploma, (N.T. 411–12), and allowed appellant to refer to his prison career in answering another question, (N.T. 414). On cross-examining appellant, the Commonwealth asked why appellant

had told the jury about his imprisonment, and he explained that imprisonment had given him a motive not to risk his freedom for unprofitable robberies such as the present (N.T. 470–74). We are satisfied that counsel had a reasonable basis in not restraining appellant from mentioning his imprisonment. Confronting appellant may have unduly called attention to the prejudicial aspects of the imprisonment and interfered with appellant's self-representation. Similarly, counsel had a reasonable basis for casting a favorable light on the imprisonment by his subsequent questioning. Once a defendant has presented evidence to prove his good character or reputation, or has himself introduced evidence of his prior crimes, the prosecution has a limited right to introduce evidence of prior convictions in rebuttal. 42 Pa.C.S.A. § 5918; *Commonwealth v. Candia*, 286 Pa.Super. 282, 428 A.2d 993 (1981); *Commonwealth v. Craft*, 455 Pa. 616, 317 A.2d 213 (1974). Because the Commonwealth's cross-examination was confined precisely to the evidence of imprisonment appellant himself had introduced, any objection would have lacked arguable merit. Thus, counsel was not ineffective for failing to object.

The final example of ineffectiveness relates to appellant's third contention, that the court erroneously instructed the jury on the charges, and counsel failed to object. Specifically, the issue concerns the incident at the gas station. Before trial, the prosecution stated that it was pursuing only attempted robbery on information no. 1980–0034 relating to the events at the service station (N.T. 34). The lower court's charge erroneously referred to "robbery and attempted robbery" on this information and counsel offered no correction.

Upon review of the record, we are satisfied that this misstatement did not affect the prosecutor's handling of the case, the lower court's trial rulings, or prejudice appellant's alibi and character defenses. The lower court promptly gave an adequate curative instruction on its own motion (N.T. 608), and the jury returned a verdict consistent with that instruction. Thus, counsel's failure to object was

not ineffectiveness. Appellant's contention that counsel was ineffective in not requesting an alibi defense instruction similarly has no merit because the lower court gave an adequate instruction on this subject (N.T. 596).

 Appellant claims that prejudicial remarks on the part of the prosecution constituted error during his trial. He argues that the lower court erred in not granting a mistrial when he objected to the prosecutor's pointing at him (N.T. 534). He also contends that counsel was ineffective in not objecting to several allegedly improper comments by the prosecutor.[1] Comments by the prosecutor do not constitute reversible error unless their unavoidable effect would be to prejudice the jury, forming in their minds such fixed bias and hostility toward the defendant that they could not weigh the evidence objectively and render a true verdict. *Commonwealth v. Van Cliff*, 483 Pa. 576, 397 A.2d 1173 (1979); *Commonwealth v. Nutter*, 256 Pa.Super.Ct. 111, 389 A.2d 626 (1978). Because emphasis, tone of voice, and the jury's reaction influence this determination, the trial judge must first rule upon the comments, and an appellate court is limited to reviewing whether the trial court abused its discretion. *Id.* The record does not suggest that the lower court abused its discretion in overruling the objection to the prosecutor's pointing. Also, despite

1. Appellant complains of (1) alleged statements of the prosecutor's personal opinion of guilt, (N.T. 525 ("I submit ... that if your co-fellow was [appellant] you were likely to get [only five dollars from the robbery]"); 532 ("[appellant] has the most convenient memory ... he told [the trooper], 'I can't remember one single thing....' Yet, ... six months later .... he lays it out for you."); 556 ("I submit that the presumption has been overcome."); (2) misstatements of the evidence or suggestions of impermissible inferences, 528 ("[the service station proprietor] ... knew that he was about his height, the level at which they were shooting."); 529–30 ("[an alibi witness] ... can't tell you one single thing that happened after twelve o'clock ... didn't go to the police back in September ... And ... take into account ... friendship."); 554 (consider "the kind of person that would ... walk [ ] into a [crowded] place, not knowing that somebody might have a shotgun ... a weapon ... and blow your head off—a very, very reckless act."); and (3) alleged misstatement of the law, 554 ("reasonable doubt ... [is] not to a mathematical certainty.... How does ninety-nine percent strike you? Ninety-nine percent. Well, what is a reasonable doubt?")

appellant's contentions, the prosecutor neither stated his personal opinion of guilt nor misstated the evidence. Rather, in each instance complained of the prosecutor identified permissible factors and inferences for the jury to consider when it determined the weight and credibility of testimony. The prosecutor's comments on the legal issue of reasonable doubt were not stated in a manner calculated to confuse the jury or to usurp the court's role in instructing it on the law. *See Commonwealth v. Gwaltney*, 479 Pa. 88, 387 A.2d 848 (1978); *Commonwealth v. Benson*, 280 Pa.Super.Ct. 20, 421 A.2d 383 (1980). Consequently, because the prosecutor's comments were not unduly prejudicial, any further objection to them would have lacked arguable merit.

▮ Appellant contends next that the evidence was insufficient to convict him of attempting to rob the gas station and the subsequent robbery of the bar. We disagree. The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, and drawing all reasonable inferences favorable to it, there is sufficient evidence to find every element of the crimes and the identity of the accused beyond a reasonable doubt. *Commonwealth v. Harper*, 485 Pa. 572, 403 A.2d 536 (1979).

▮ Appellant contends the evidence was insufficient because the only direct identification and the essential circumstantial evidence was supplied by David Mardis, who, as a co-participant in the crimes, was a corrupt source unworthy of belief. "Where parties in crime testify against each other, their testimony must be recognized as coming from a corrupt source and therefore must be subjected to the closest scrutiny." *Commonwealth v. Farquharson*, 467 Pa. 50, 61, 354 A.2d 545, 550–51 (1976). However, the issue of credibility is for the factfinder to resolve upon proper instructions by the trial court. The lower court properly instructed the jury on the manner in which to view Mardis's testimony. Moreover, Mardis's testimony was consistent throughout and corroborated both as to events and identifying details by other witnesses. It is within the province of

the jury to accept or reject evidence presented by the Commonwealth. *Commonwealth v. Whitfield,* 474 Pa. 27, 376 A.2d 617 (1977), affirmed after new trial, 275 Pa.Super. 530, 419 A.2d 27 (1980). We cannot agree with appellant that Mardis's testimony was so unreliable that the verdict was against the weight of the evidence. The lower court, which observed the testimony, found it consistent and corroborated. We believe that the jury reasonably believed Mardis, and we therefore find the evidence sufficient to sustain both convictions.

 Appellant contends finally that his sentence of concurrent prison terms of ten-to-twenty years for the robbery and five-to-ten years for the attempted robbery was manifestly excessive and based on improper considerations. A trial court has wide discretion in sentencing and will not be reversed absent an abuse of discretion of error of law. *Commonwealth v. Morrison,* 265 Pa.Super.Ct. 363, 401 A.2d 1348 (1979). "[T]o constitute an abuse of discretion, a sentence must either exceed the statutory limits, or be manifestly excessive." *Commonwealth v. Michenfelder,* 268 Pa.Super.Ct. 424, 427, 408 A.2d 860, 862 (1979). In reviewing a sentence challenged as excessive, we must review both the sentence itself and the process by which the sentencing judge reached it. *Commonwealth v. Kraft,* 294 Pa.Super.Ct. 599, 440 A.2d 627 (1982). See 42 Pa.C.S.A. § 9721; Pa.R.Crim.P. 1405; *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977). Appellant contends the lower court relied upon impermissible considerations when it considered his admission that he had "cased" a bank, (N.T. Sentence Proceedings, 32), and that his siblings, despite their broken home, had led respectable lives without turning to crime (N.T. 33). A court may consider criminal activity or preparation for crimes as factors in sentencing even though no arrest or conviction resulted. See *Commonwealth v. Vernille,* 275 Pa.Super.Ct. 263, 418 A.2d 713 (1980). Family circumstances and the defendant's reaction to them are likewise permissible considerations in individual sentencing. Appellant argues next that the lower court

gave insufficient weight to the mitigating factors of his age, his need to cure alcoholism, that no actual violence occurred in the crimes, and the lack of rehabilitation facilities in prison. However, the record reveals that the lower court fairly assessed appellant's need and potential for rehabilitation and prison's abilities to provide for it. Against the lack of actual violence, the lower court considered the great potential for violence in these gunpoint crimes, and that appellant showed a propensity to commit crimes. The lower court thus acted within its discretion in imposing sentence, and, accordingly, we affirm.

Judgment of sentence affirmed.

POPOVICH, J., concurs in the result.